**JAMES T. VOCELLE, as Director of THE BEVERAGE DEPARTMENT OF THE STATE OF FLORIDA, v. TALLAHASSEE LODGE NO. 937 OF THE BENEVOLENT AND PROTECTIVE ORDER OF ELKS.**

32 So. (2nd) 280                                             June Term, 1947
October 21, 1947                                                  En Banc
Rehearing denied November 12, 1947

*J. Tom Watson,* Attorney General, and *D. Fred McMullen,* Assistant Attorney General, for petitioner.

*Parker, Foster & Wigginton* and *Julius F. Parker, Leo L. Foster* and *John Wigginton,* for respondent.

BARNS, J.:

The Elks' Lodge-respondent brought a bill against the petitioner, Director Vocelle and alleged that on September 25, 1946, it had been issued a liquor license to serve and distribute to its members intoxicating liquors as provided by Section 561.34 (1) F.S. 1941; said bill further alleges that the appellee Vocelle had on the 25th day of June 1947, caused the plaintiff-respondent to be served with a notice of the cancellation of said liquor license.

The prayer of the bill was that the defendant-petitioner be enjoined from enforcing the order of cancellation.

The chancellor granted a temporary injunction enjoining enforcement of the cancellation of said license and thereafter denied petitioner's motion to dissolve the temporary injunctions and denied petitioner's motion to dismiss the bill which orders the petitioner-Vocelle seeks to have this Court review.

Leon County is a "dry" county wherein it is unlawful to sell intoxicating liquors "regardless of alcoholic content" and paragraph (11) of 561.34 F.S. 1941 is controlled by the language which precedes it as follows:

"The following license taxes shall apply to vendors who sell in counties where the sale of intoxicating liquors, wines and beers is permitted and who are permitted to sell any such beverages regardless of alcoholic content:"

Since a license issued under 561.34 (11) F.S. 1941 carries the implication that the licensee is permitted to deal in liquors "regardless of alcoholic content" as if in a "wet" county where the sale of such liquors is lawful and since the law makes no provision for the issuance of liquor licenses "regardless of alcoholic content" in dry counties where the sale of such liquor is prohibited it appears that the petitioner was well justified in cancelling the license theretofore issued by him. Section 561.34 (11) supra has no application to "dry" counties.

The petition is granted, the writ of certiorari issued and, the order denying motion to dissolve injunction is quashed and ordered granted, and, likewise, the order denying motion to dismiss bill of complaint is quashed and ordered granted.

THOMAS, C. J., TERRELL, BUFORD, CHAPMAN, ADAMS and SEBRING, JJ., concur.