WIGGINTON, Judge.
Appellant, who was plaintiff in the trial court, seeks reversal of an adverse final judgment which found that it is not entitled to the relief sought and dismissed its complaint with prejudice.
Appellant, a nonprofit private social club incorporated under the laws of Florida, applied to defendant Board of Business Regulation for a license to serve and distribute to its members and their nonresident guests alcoholic beverages under the authority of F.S. Section 561.34(6), F.S.A. Appellant’s application was denied for the stated reason that it is located and carries on its corporate functions in a so-called “dry county” whose electorate has heretofore voted against the sale of intoxicating beverages within the county. The sole issue presented for decision is whether a duly incorporated private social club operating wholly within a “dry county” is eligible to receive a license to serve intoxicating beverages to its members and their nonresident guests as authorized by F.S. Section 561.34(6), F.S.A.
When the state beverage law was originally enacted in 1935, it provided for the issuance of licenses to incorporated private social clubs for the service and distribution of intoxicating beverages to their members and nonresident guests. The granting of such licenses, however, was restricted to clubs operating only in those counties where the sale of intoxicating liquor, wine and beer is permitted by law.[1] Two years later the Legislature of Florida adopted Chapter 18016, Laws of Florida, Acts of 1937, which prohibited and made unlawful the sale or possession of intoxicating beverages containing more than 3.2 percent of alcohol by weight in all counties which had voted against the sale of intoxicating liquor, wine or beer.[2]
By the foregoing enactments the Legislature established the public policy of Florida to be that no intoxicating beverages containing more than a minimal volume of alcohol may be sold in counties which have voted against the sale of intoxicating beverages, and that licenses may be issued to private incorporated clubs to serve and distribute intoxicating beverages to its members only in those counties where the sale of intoxicating beverages is permitted by law. This was the conclusion reached and pronounced by the Supreme Court of Florida in the case of Vocelle v. Tallahassee Lodge No. 937:
“Leon County is a ‘dry’ county wherein it is unlawful to sell intoxicating liquors ‘regardless of alcoholic content’ and paragraph (11) of 561.34, F.S.1941, F.S.A., is controlled by the language which precedes it as follows: ‘The fol *695 lowing license taxes shall apply to vendors who sell in counties where the sale of intoxicating liquors, wines and beers is permitted and who are permitted to sell any such beverages regardless of alcoholic content’.
“Since a license issued under 561.-34(11), F.S.1941, F.S.A., carries the implication that the licensee is permitted to deal in liquors ‘regardless of alcoholic content’ as if in a ‘wet’ county where the sale of such liquors is lawful and since the law makes no provision for the issuance of liquor licenses ‘regardless of alcoholic content’ in dry counties where the sale of such liquor is prohibited it appears that the petitioner was well justified in canceling the license theretofore issued by him. Section 561.34(11), supra, has no application to ‘dry’ counties.” [3]
In 1947 the legislature amended that section of the beverage act which authorized the issuance of beverage licenses to incorporated private clubs by eliminating the provision embodied in the original act which restricted the issuance of such licenses to clubs located only in counties where the sale of intoxicating beverages was permitted by law.[4] It is the position of appellant that by the foregoing amendment the legislature intended to change the public policy of Florida by removing the provision which restricted the issuance of beverage licenses to private clubs only in counties where the sale of intoxicating beverages was permitted, and to thereafter authorize the issuance of such licenses in all counties regardless of their wet or dry status. With this contention we are unable to agree.
Even though the restrictive language contained in the original act was eliminated through the enactment by the legislature of a subsequent amendment, those provisions of the statute which prohibit and make unlawful the sale or possession of intoxicating beverages in dry counties have continued to be the statutory law of this state down to the present time. It is also worthy of note that the beverage law affirmatively prohibits any licensed manufacturer or distributor from transporting or causing to be transported any intoxicating beverages in any county of the state where the sale of such beverages is prohibited.[5]
Appellant supports its position by the decision of the Supreme Court of Florida rendered in the case of U.S.S. Tampa Post No. 5 v. Schleman,[6] and the decision of this court in the case of Meiklejohn v. Pensacola Yacht Club.[7] These cases involved the activities of properly licensed incorporated private social clubs located in wet counties where the sale of intoxicating beverages was permitted by laws. The question presented in each of those cases was whether the service and distribution of intoxicating beverages by those clubs to their members constituted “sales” within the meaning of municipal zoning ordinances and ordinances prohibiting the sale of intoxicating beverages on Sunday. We do not perceive that those decisions have any material bearing on the issue presented in this case. It is true as contended by appellant that Section 561.34(6) of the statutes in effect at the time those decisions were rendered provided that the service and distribution of intoxicating beverages by a private club to its members shall not be deemed sales within the meaning of the law of this state. This provision has been carried for *696 ward and is contained in our present statute. However, the legislature, in the year 1957, further amended the beverage law to redefine the term “sale” as follows:
“The term ‘sale’ or ‘sell’ as used in the beverage laws, shall include any transfer of an alcoholic beverage for a consideration or any gift of an alcoholic beverage in connection with, or as a part of, a transfer of property other than an alcoholic beverage for a consideration, or the serving of an alcoholic beverage by a club licensed under the beverage law.” [8]
By this latest expression of the legislature as to what constitutes a sale of intoxicating beverages, it would appear to have been its intention to include in the general definition of the term “sale” the serving or distribution of alcoholic beverages by licensed incorporated private clubs to its members. By such definition, the prohibition against the sale of intoxicating beverages in dry counties would be applicable to private incorporated clubs, thereby precluding the issuance to such clubs of licenses to dispense intoxicating beverages.
Concededly, the statutes relating to the administration of the beverage laws of Florida are far from being crystal clear concerning the issue with which we are confronted. The administrative interpretation placed upon the beverage laws by the state agency charged with their administration and enforcement has consistently precluded the issuance of beverage licenses to private incorporated social clubs located in dry counties. This interpretation is one which has been well known to the legislature over the years, yet no legislative action has been taken to overrule or reject that interpretation. While such an administrative interpretation is not binding on the courts, it is entitled to great weight and careful consideration before it will be set aside by judicial edict. If the public policy of this state as determined by the legislature is to permit the service and distribution of intoxicating beverages by incorporated private social clubs in those counties where the citizens have voted their objection to the sale of such beverages, it must rest upon a more substantial base than inference, implication, or conjecture.
For the foregoing reasons we conclude that the trial court was correct in holding that appellee is not required to issue a beverage license to appellant under the provisions of F.S. Section 561.34, F.S.A., and the judgment appealed is accordingly affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. Ch. 16774, § 5, Laws of Florida, Acts of 1935.

. Ch. 18016, §§ 1, 2, 5, Laws of Florida, Acts of 1937, codified as F.S. §§ 568.01, 568.02, 568.03, F.S.A.

.Vocelle v. Tallahassee Lodge No. 937 of Benevolent and Protective Order of Elks (1947), 169 Fla. 615, 32 So.2d 280, 281.

. Ch. 23746, § 5, Laws of Florida, Acts of 1947, § 561.34(11) now recodified as F.S. § 561.34(6), F.S.A..

. F.S. § 561.56, F.S.A.

. U.S.S. Tampa Post No. 5 of American Legion v. Schleman, (Fla.1951) 53 So.2d 302.

. Meiklejohn v. Pensacola Yacht Club, 30 Fla.Supp. 178, aff’d (Fla.App.1969) 222 So.2d 497.

. Ch. 57-420, § 1, Laws of Florida, Acts of 1957, codified as F.S. § 561.01(12), F.S.A.